**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4397**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ARJAY ORLANDO BROWN,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:07-cr-00022-F-1)

Submitted: March 15, 2016          Decided: June 9, 2016

Before KING, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Sonya M. Allen, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arjay Orlando Brown appeals the district court's judgment revoking his supervised release and sentencing him to 35 months' imprisonment. Brown first contends that his sentence is plainly procedurally unreasonable because the court failed to adequately explain the reasons for the selected sentence and considered an impermissible sentencing factor. Brown further argues that his sentence is substantively unreasonable as it is greater than necessary to achieve the purposes of sentencing. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439–40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, generally following the procedural and substantive considerations that are at issue in review of original sentences. Id. at 438–39. In this initial inquiry, we take a "more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted).

2

Only if we find the sentence unreasonable will we consider whether it is "plainly" so.  Id. at 657.

A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable to revocation sentences.  Crudup, 461 F.3d at 439.  The district court also must provide a statement of reasons for the sentence imposed, but that explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence."  United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

In exercising its sentencing discretion, the district court "should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."  Webb, 738 F.3d at 641.  In determining the length of a sentence imposed upon revocation of supervised release, 18 U.S.C. § 3583(e) (2012) requires a sentencing court to consider all but two of the factors listed in 18 U.S.C. § 3553(a).  The excluded factors include, as relevant here, the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

offense." 18 U.S.C. § 3553(a)(2)(A); see 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 439.

We have recognized that, "[a]lthough § 3583(e) enumerates the factors a district court should consider when formulating a revocation sentence, it does not expressly prohibit a court from referencing other relevant factors omitted from the statute." Webb, 738 F.3d at 641. Thus, while the court may not impose a revocation sentence "based predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." Id. at 642.

Brown first assigns error to the district court's explanation for its upward variant sentence. Brown preserved his challenge to the court's explanation "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

Brown's argument fails on this record. After announcing the 35-month sentence, the court recognized Brown's numerous and varied violations of the conditions of his release, which continued even after the court gave Brown a second chance at compliance. The court's comments, however brief, thus reveal that it was focused primarily on appropriate sentencing

4

considerations, including Brown's history and characteristics and the need to deter future violations of supervised release orders. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), 3583(e). And although not particularly identified as such, it is clear that Brown's ongoing violative conduct amounted to a significant breach of the trust and leniency the court had extended Brown at his prior revocation hearing. See U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b), p.s. (2007). We thus reject this aspect of Brown's challenge to the procedural reasonableness of his upward variant sentence.

Brown next assigns reversible error to the court's consideration of one of the § 3553(a) factors excluded from § 3583(e). We review this argument for plain error because Brown did not object to the district court's consideration of this sentencing factor at the revocation hearing. United States v. Lemon, 777 F.3d 170, 172 (4th Cir. 2015). To establish plain error, Brown must show "(1) that the district court erred, (2) that the error is clear or obvious, and (3) that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." Webb, 738 F.3d at 640-41 (internal quotation marks omitted). Even if Brown makes such a showing, "we retain discretion whether to recognize the error and will deny relief unless the . . . error seriously affects the fairness, integrity or public reputation of judicial

proceedings." Id. at 641 (alteration and internal quotation marks omitted).

Despite Brown's argument to the contrary, we conclude that the disfavored factor cited here — the need for the sentence to promote respect for the law — was not a focal point for the court's sentencing decision. Indeed, it was mentioned only briefly, and immediately before the court discussed in greater detail how Brown's chronic and repeated violations of his supervised release led the court to conclude that the longest available sentence was the appropriate sentence to impose. We thus discern no error, let alone plain error, arising from the court's mention of the need for the sentence to promote respect for the law.

Finally, there is Brown's assertion that his sentence is substantively unreasonable because, when weighed against certain aspects of Brown's personal circumstances, it is greater than necessary to comply with the goals of § 3553(a). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. As we have said, the district court identified appropriate grounds for the 35-month, statutory maximum sentence. We thus conclude that the sentence is substantively reasonable. See id. (holding that imposition of

6

statutory maximum term of imprisonment was substantively reasonable, given that the district court expressly relied on defendant's "admitted pattern of violating numerous conditions of his supervised release[,]" despite several extensions of leniency by the district court). Finally, we decline counsel's invitation to reweigh the countenanced § 3553(a) factors and the relevant circumstances in this case, as this is outside our purview. See United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors").

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED